United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE JARVIS AUSTIN,

    Plaintiff,

v.

MAXINE CHESNEY,

    Defendant.

No. C 22-02506 WHA

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION WITH PREJUDICE**

On May 23, 2022, Magistrate Judge Laurel Beeler filed a report and recommendation to dismiss plaintiff's action against United States District Court Judge Maxine M. Chesney. Plaintiff objected timely (Dkt. Nos. 10, 16). To the extent stated, this order **ADOPTS** Judge Beeler's report and recommendation and **OVERRULES** plaintiff's objection.

An earlier order describes our facts (Dkt. No. 5). Briefly, pro se plaintiff sued defendant federal judge for violating his constitutional rights by ruling against him in a separate and ongoing action, *Austin v. Lyft, Inc.*, No. C 21-09345 MMC (N.D. Cal. filed Dec. 2, 2021). Judge Beeler's screening order and subsequent report and recommendation find that plaintiff fails to state a claim because "[Judge Chesney] has judicial immunity" (Dkt. No. 5 at 5). Plaintiff objects and asserts that defendant's actions fall within an immunity exception (Dkt. No. 16 at 1).

Specifically, plaintiff argues that defendant's actions "constitute one of the precise exceptions to Federal Judicial Immunity: Acting outside of Jurisdiction" (*ibid.*). Plaintiff explains that defendant "improperly reassigned [*Lyft*] when [plaintiff] granted consent to Magistrate and no one declined, yet [sic] case was reassigned (creating lack of Jurisdiction)" and as a result, defendant "is currently acting in clear absence of Jurisdiction" (*id.* at 2). Plaintiff misapprehends the exception.

Judges are immune from civil liability for acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996). Immunity may be overcome (1) for "actions not taken in the judge's judicial capacity" and (2) for actions "taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Defendant has not acted in the clear absence of all jurisdiction with respect to an action properly reassigned from a magistrate judge. As a January 25 order in the underlying *Lyft* action details, reassignment was proper because consent of all named parties was and remains a prerequisite to a magistrate judge's jurisdiction. There, defendant Lyft had not consented. *Lyft*, No. C 21-09345 MMC, Dkt. No. 51 at 3. So here, defendant judge had jurisdiction. Defendant's judicial immunity is not abrogated by the jurisdictional exception. Plaintiff's objection is consequently **OVERRULED**.

Furthermore, because no amendment would change the fact that plaintiff's claims are asserted against a judicially immune defendant, the suit will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

For the foregoing reasons, this order **ADOPTS** in full Judge Beeler's report and recommendation. This action is **DISMISSED WITH PREJUDICE**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 10, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE