1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7

8                          NORTHERN DISTRICT OF CALIFORNIA

9

10    GEORGE JARVIS AUSTIN,

11                    Plaintiff,                    No.  C 22-02506 WHA

12            v.

13    MAXINE CHESNEY,                               **ORDER DENYING MOTION FOR**
                                                    **RECONSIDERATION**
14                    Defendant.

15    _____

16

17        Pro se plaintiff filed this action against United States District Court Judge Maxine M.

18    Chesney.  A prior order dismissed the action with prejudice (Dkt. No. 18).  Plaintiff now

19    moves for reconsideration.

20        Our court of appeals has stated the following regarding motions for reconsideration:

21            Although Rule 59(e) permits a district court to reconsider and
              amend a previous order, the rule offers an extraordinary remedy, to
22            be used sparingly in the interests of finality and conservation of
              judicial resources.  Indeed, a motion for reconsideration should not
23            be granted, absent highly unusual circumstances, unless the district
              court is presented with newly discovered evidence, committed
24            clear error, or if there is an intervening change in the controlling
              law.
25

26    *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

27    Plaintiff here offers no new evidence, demonstrates no clear error, and argues no change in the

28

United States District Court
Northern District of California

controlling law.  He also concedes that the prior dismissal order "appears partially correct" when it determined that Judge Chesney is shielded from civil liability (Br. 4).

Plaintiff, however, raises an alternative path for abrogating judicial immunity.  He argues that judicial immunity does not shield judges from "equitable enforcement mechanisms which is exactly what this case is regarding" (*ibid.*).  To support that proposition, plaintiff cites *Torres v. Voltz*:  "courts have recognized a narrow exception to judicial immunity for . . . prospective declaratory relief."  2019 WL 3345972, at *5 (N.D. Cal. July 25, 2019) (Judge Laurel Beeler). *Torres* is inapposite.  There, the plaintiff brought a Section 1983 claim against California Supreme Court clerks and staff.  *Id.* at *1.  Here, in contrast, Austin seeks relief against a federal judge.

Federal judges are absolutely immune from civil liability for acts performed in their judicial capacity.  Unlike the judicial immunity available to state judges or state judicial officers sued under Section 1983, a federal judge's immunity is not limited to immunity from damages and extends to actions for declaratory, injunctive, and other equitable relief.  *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded by statute on other grounds*; *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir. 1987).  Plaintiff has provided no evidence or allegations that any of defendant's disputed actions were taken in the clear absence of all jurisdiction or were not judicial in nature.  Plaintiff's claims fail to circumvent defendant's broad judicial immunity.

Lastly, plaintiff references another exception to judicial immunity that may be quickly disposed.  Citing *Hyland v. Wonder*, plaintiff argues that a judge loses judicial immunity when performing administrative acts.  117 F.3d 405, 413 n.1 (9th Cir. 1997).  But *Hyland* offers little here.  By ruling against plaintiff in the underlying suit that gave rise to this action, our defendant was acting squarely within her judicial capacity.

Given the inapplicability of the immunity exceptions plaintiff asserts in his motion, this Court will not reconsider its previous dismissal.  For the foregoing reasons, plaintiff's motion for reconsideration is **DENIED**, and the hearing is **VACATED**.  Dismissal of this action does not affect plaintiff's ongoing action against Lyft.  *See Austin v. Lyft, Inc.*, No. C 21-09345 MMC

2

(N.D. Cal. filed Dec. 2, 2021).  And plaintiff can continue to pursue his appeal of the prior order herein dismissing this matter with our court of appeals.  *See Austin v. Chesney*, No. 22-15930 (9th Cir. filed June 23, 2022).  Absent action from our court of appeals, however, this case is over at the district court.

**IT IS SO ORDERED.**

Dated:  July 1, 2022.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3